[Sac. No. 3131.    In Bank.—April 25, 1921.]

ALBERT ZEIMER, Respondent, v. J. B. WEIKEL, Appellant.

[1] CONTRACT—INSURANCE ON IMPROVEMENTS ON LEASED PREMISES—
POLICY TAKEN IN NAME OF LESSOR FOR LESSEE—WHEN LESSOR
NOT LIABLE FOR FAILURE TO COLLECT.—Where a lessee of a building made certain improvements on it and to protect his interest in them it was agreed between him and the lessor that insurance should be taken on the building for the benefit of the lessee in the amount of the improvements, the policy being taken in the name of the lessor at the suggestion of the insurance agent that it was necessary to take it in the name of the owner of the building, but being at the expense of the lessee, and the policy being retained in the possession of the lessee and no request being made by the lessee for the lessor to take the necessary steps to collect on the policy after a destruction of the premises by fire, there was no implied obligation on the part of the lessor to collect on the policy and he was not liable to the lessee for failure to do so.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Reversed.

The facts are stated in the opinion of the court.

J. W. S. Butler and B. F. Van Dyke for Appellant.

Martin I. Welsh and Robert H. Schwab for Respondent.

OLNEY, J.—This is an appeal by the defendant from a judgment against him for four hundred dollars. It appears that the defendant was the owner and the plaintiff the lessee of a certain building; that the plaintiff made certain improvements to the building of the value of four hundred dollars; that to protect his interests in these improvements it was agreed that insurance on the building in the amount of four hundred dollars would be taken out in the name of the defendant, but for the benefit of the plaintiff; that this was done; that the building was burned and the loss incurred, but the insurance policy was not collected, and that prior to the commencement of the action all right to recover upon it had been lost by failure to present proofs

of loss within the required time. The foregoing facts appear without dispute. The dispute is over the nature of the agreement with relation to the taking out of the insurance, the plaintiff claiming that the agreement was that the defendant should collect the insurance in case of loss, so that he is responsible for its not being collected, and the defendant claiming that the agreement was only that the plaintiff might take out the insurance in the defendant's name without any responsibility on the defendant for its collection.

The agreement in question was made upon the advice of an insurance agent, a Mr. Deason, that the insurance, while intended for the protection of the plaintiff, would have to be in the name of the defendant, as he was the owner of the building. The agreement was purely oral at first, but after the policy had been issued in the name of the defendant, the plaintiff wished something to evidence his right under it, and the defendant signed and gave him a writing for that purpose. The defendant complains that evidence of the terms of the oral agreement was admitted when there was a subsequent written agreement, but the point is not material, since so far as the question involved here is concerned there is no difference between the terms of the oral agreement and those of the writing. The plaintiff's testimony as to the original oral agreement is: "Yes, we [plaintiff and defendant] talked about insurance with Mr. Deason—who represented Mr. Weikel [the defendant],—and he said the only way for me to do would be to take the insurance—the insurance amounted to four hundred dollars,—for me to take out a policy and pay him for it,—he would put it in Mr. Weikel's name; Mr. Weikel said it was satisfactory to him." The writing subsequently signed by the defendant and given to the plaintiff read:

"Sacramento, Cal. Oct. 31, 1916.

"It is hereby agreed and understood by and between the parties hereto that the Prussian National Insurance Policy No. 663572, issued July 31, 1916, in the name of J. B. Weikel, was issued in the behalf of, and cost to A. Zeimer, to protect the said A. Zeimer, in the event of a fire, to the amount thereof ($400) for money spent by him, at his

own expense, in the improvements of the building so covered.

"(Signed) J. B. WEIKEL."

The policy referred to in this writing expired in July, 1917, a year after its issuance, and thereupon another policy for the same amount and for the ensuing year was issued through Deason at the request of the plaintiff and in the name of the defendant. While this second policy was in effect the loss occurred. We may assume that this policy, as well as the first, came within the agreement between the parties, but the facts are that the defendant had nothing to do with its issuance; that its issuance was a matter of arrangement between Deason and the plaintiff solely; that it was delivered to the plaintiff, who retained possession of it at all times, and that the defendant, so far as appears, did not know of its issuance until the morning after the fire, and never before or after had possession of it. The morning after the fire there was a meeting of the plaintiff, the defendant, and the sheriff. The last inquired as to the amount of insurance on the building and the plaintiff told him the defendant had one thousand dollars and he, the plaintiff, had four hundred dollars, and showed the policy for the latter. The defendant acquiesced in the statement that the four hundred dollars was for the plaintiff. The plaintiff, however, did not then or at any time give or offer to give the policy to the defendant, and he himself testifies that he never presented it to the defendant for collection. He does testify that shortly after the fire he asked the defendant about the four hundred dollars of insurance and the defendant replied that he did not care a snap about it. But even then the plaintiff took no steps either to collect the policy himself or to insist upon the defendant collecting it for him. So far as appears, he simply kept the policy and did nothing until the time had passed for presenting proofs of loss. Then he demanded of the defendant the four hundred dollars.

[1] Now, it is evident that neither by the terms of the oral agreement, nor by those of the writing, was there any express assumption by the defendant of an obligation to collect the policy in case of loss or of responsibility for its collection. If the plaintiff be entitled to recover, it must be because there was an obligation to collect on the policy

implied in the defendant's assent that it might be taken out in his name. The written notice of loss and the verified proof of loss required by the policy would, of necessity, have to be given and made in his name, and it would seem that the obligation would be fairly implied that he should sign any proper notice and verify any proper proof of loss that might be prepared and presented to him by the plaintiff. It may possibly be, also, although this would be going much further, that if the defendant was in a position where he could take the routine steps required for collection, such as giving notice and preparing proofs of loss, he should himself affirmatively have taken these steps. But he was not in a position to take these steps unless he had the policy, and when the situation was that the policy was not in his possession, but that of the plaintiff, it was certainly a condition of any obligation on his part to do the things necessary to collect the policy, that the plaintiff put it in his hands for that purpose. Until this was done and the defendant was thereby put in a position where he could proceed, he could not justly be held responsible for not proceeding. Just how or why it happened that proofs of loss were not presented does not appear. All that appears is that while the plaintiff, himself, had the policy and was alone beneficially interested in it, he apparently did nothing whatever either to collect it himself or to have the defendant collect it for him. Under these circumstances the responsibility for the failure to collect it was his own and not the defendant's.

Judgment reversed.

Shaw, J., Lawlor, J., Wilbur, J., Sloane, J., Lennon, J., and Angellotti, C. J., concurred.